# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2216
No. 99-3486

_____

| | | |
|---|---|---|
| Paula Corbin Jones; | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| United States of America, Office of the Independent Counsel, | * | |
| | * | |
| | * | |
| Intervenor Below, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| William Jefferson Clinton; | * | |
| | * | [PUBLISHED] |
| Defendant-Appellee, | * | |
| | * | |
| Danny Ferguson; | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Dolly Kyle Browning, | * | |
| | * | |
| Movant-Appellant. | * | |

_____

Submitted: March 15, 2000

Filed: March 22, 2000

_____

Before HANSEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Dolly Kyle Browning, a nonparty witness in Paula Corbin Jones's civil suit against President William Jefferson Clinton, filed a motion asking the district court to hold President Clinton in criminal contempt of court, to recuse itself, and to transfer the matter to the United States District Court for the Northern District of Texas. The district court denied Browning's motion and later, on its own motion, held the President in civil contempt for willfully disobeying the court's discovery orders and giving false and misleading deposition testimony.

Browning now appeals, raising various contentions related to the district court's civil contempt order and its denial of Browning's motion. We decline to address Browning's contentions, however, because we conclude Browning lacks standing to bring this appeal. Browning is not a named party in the underlying civil action and did not move to intervene in that action. See Curtis v. City of Des Moines, 995 F.2d 125, 128 (8th Cir. 1993) ("Only a properly named party may initiate an appeal . . . and those who neither intervene or otherwise attain party status may not appeal a district court's judgment."). Likewise, Browning does not have "'"an interest in the cause litigated [nor has she] participated in the proceedings actively enough to make [her] privy to the record,"'" id. (quoted case omitted), so as to give her standing to appeal despite her nonparty status. Additionally, to the extent Browning quarrels with the district court's failure to hold the President in criminal contempt of court, Browning as a private party "has no standing to prosecute an action for criminal contempt or to take an appeal from the court's rejection of [her] allegations." Ramos Colon v. United States Attorney for the Dist. of Puerto Rico, 576 F.2d 1, 5 (1st Cir. 1978).

We thus dismiss Browning's appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.