# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1396

_____

Keith Snell; Teresa M. Snell, on behalf   *
of themselves and all others similarly   *
situated;   *
  *
  *
      Plaintiffs-Appellees,   *
  *
Debra Wolinsky; Louis Gans,   *   Appeal from the United States
  *   District Court for the
      Intervenor   *   District of Minnesota.
      Plaintiffs-Appellants,   *
  *
     v.   *   [TO BE PUBLISHED]
  *
Allianz Life Insurance Company of   *
North America; Fidelity Union Life   *
Insurance Company,   *
  *
      Defendants-Appellees.   *

_____

Submitted: December 13, 2002

Filed: May 5, 2003

_____

Before HANSEN,[1] Chief Judge, LAY and BYE, Circuit Judges.

_____

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

BYE, Circuit Judge.

This case arises out of the settlement of a life insurance sales practices class action suit against, *inter alia*, Allianz Life Insurance Company of North America (Allianz). Debra Wolinsky, who owned an insurance policy subject to the settlement, timely opted out in writing. She was, however, returned to the class following a disputed conversation with class counsel. Upon learning Wolinsky did not wish to be included, class counsel moved to exclude her against Allianz's wishes. The district court denied the motion to exclude and Wolinsky's own request for leave to file a motion for reconsideration. The district court granted her motion to intervene for the limited purpose of appealing the rulings denying her exclusion. Wolinsky appeals the finding she asked to be included in the class and the decision not to exclude her from the class. We reverse.

I

The class action was filed in 1997 in Superior Court for Los Angeles County, California, by Keith and Teresa Snell. Allianz removed the action to federal court alleging diversity of citizenship, and then made an unopposed motion to transfer the California case to Minnesota pursuant to 28 U.S.C. § 1404. Named plaintiffs, through class counsel, and Allianz consented to jurisdiction before a magistrate judge pursuant to 28 U.S.C. § 636.

The complaint alleges Allianz and two other defendants used misleading and fraudulent insurance sale practices including "churning" and selling "vanishing premium" policies. While the original complaint included only state law causes of action, class counsel filed an amended complaint adding a federal claim arising out of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c). The amended complaint sought relief in the form of compensatory and punitive damages and declaratory and injunctive relief including reformation of the

policies and specific performance. Wolinsky is co-trustee of a trust that was beneficiary of an insurance policy subject to the settlement. Wolinsky represented the trust before the district court and before this court. The class is estimated to include approximately 250,000 people nationwide.

Class counsel and Allianz filed a stipulation of settlement and on March 20, 2000 the magistrate judge issued a preliminary approval order. The proposed settlement allowed class members to choose between two alternative forms of relief: (1) the Contributed Insurance Benefit (CIB), which is free term life insurance for 24-60 months with a death benefit of 5%-10% of the death benefit of that class member's original insurance policy; and (2) the Claim Review Process (CRP), which is an arbitration proceeding in which class members would submit written claims and recover compensation based on the wrongdoing and damages in their particular case. To participate in CRP class members were required to opt-in by submitting a written claims form by July 18, 2000. Putative class members could also opt out of the entire settlement in writing by that date. Everyone in the putative class who did not opt out of the entire settlement or opt into CRP received CIB only. CIB has a total value of $43.4 million and CRP was initially funded at $10 million but was not capped. Should any of the $10 million remain after all CRP claims are processed, the remainder would be disbursed to the class.

The parties sent out individual notices, published notices, and set up a telephone call center to answer questions from the public. Wolinsky filed a written notice to opt out of the settlement on June 13, 2000 – over a month before the deadline. Fewer than 20 people objected to the proposed settlement and only three appeared at the fairness hearing. Wolinsky did not object or appear at the fairness hearing. On September 8, 2000, the magistrate judge overruled the objections, entered an order approving the settlement, and ordered judgment be entered. The magistrate judge awarded class counsel $6.6 million in fees and costs, and they agreed to perform all post-settlement work for free. Incorporated in the order was a

preliminary list of people who had opted out. Wolinsky's name appeared on the list. In October 2000, class counsel and counsel for Allianz prepared a second preliminary list of people who had opted out of the class. Wolinsky's name also appeared on that list.

What happened next is disputed. Wolinsky claims she called the call center to find out whether it was possible to opt back into the class. Wolinsky insists, however, she did not ask to be readmitted to the class. Allianz alleges Wolinsky asked class counsel to have her readmitted to the class and requested participation in CRP. Allianz does not assert Wolinsky made any written request for readmission, only that she made an oral request to class counsel on one occasion via telephone some time between January 1, 2001, and April 10, 2001.

Class counsel provided no record evidence on the contents of Wolinsky's call, and its arguments shed no light on whether Wolinsky made the request. Class counsel neither admits nor denies Wolinsky's claim that she requested information and not readmission to the class. There is no evidence regarding who at the call center spoke to her, whether it was even someone in the office of class counsel, much less what Wolinsky said. In its submissions to the court below class counsel acknowledges a "miscommunication" but fails to explain what was inaccurately communicated and to whom. Was the miscommunication between class counsel and Allianz, between Wolinsky and class counsel, between the call center staff and class counsel, or within the office of class counsel? The record is regrettably silent on the question.

Class counsel's equivocations continue in its brief to this court. Class counsel's response brief joins Wolinsky's appeal of the magistrate judge's denial of the motion to exclude "not based on . . . [Wolinsky's] rendition of the facts, but instead on principles of equity." This appears to be a backhanded repudiation of Wolinsky's

-4-

version of the facts but with no foundation in the record, or an explicit representation to the contrary.

It is undisputed class counsel, during several telephone calls and e-mails in April and May 2001, represented to counsel for Allianz that Wolinsky requested readmission to the class and participation in CRP. Despite the fact that six months had elapsed since the filing deadline, Allianz agreed to make exceptions for Wolinsky on both accounts: readmission to the class and participation in CRP. The form to initiate her CRP claim was mailed to her. Wolinsky's name did not appear on the final list of excluded persons filed with the court on May 29, 2001. Meanwhile, Wolinsky retained private counsel Leonard S. Becker to pursue her claims against Allianz. Becker filed suit in federal court in Chicago on July 13, 2001.

Wolinsky avers she first found out she had been readmitted to the class on July 13, 2001, when she received from Allianz the claim form to participate in CRP. The same day she wrote a letter to the district court clerk's office saying there had been a "miscommunication." In her letter Wolinsky said she had opted out in writing and later called the call center to discuss her options, but had never requested readmission, and she wanted to be listed as having opted out. Wolinsky did not return the CRP claim form sent by Allianz upon her readmission. She is now in what she believes to be the worst possible position: a member of the class without the right to bring private suit, but no access to the CRP. Instead, her remedy is limited to CIB.

The clerk's office sent Wolinsky's letter to class counsel, who filed a "Motion to Exclude" Wolinsky from the class. Allianz resisted the motion and the magistrate judge conducted a telephonic hearing. Counsel for Allianz, class counsel and Wolinsky's private counsel Becker all appeared for the hearing. Class counsel presented the motion and argued for it. Despite an invitation from the magistrate judge, Becker did not present argument or evidence. Class counsel again made vague

references to a miscommunication but never said, or was asked, whether Wolinsky asked to be readmitted to the class.

During the telephonic hearing the magistrate judge said, "Well, I've got to believe that from April 10 of 2001 to May 14 of 2001 there had to be communications between class counsel and Ms. Wolinsky to firm up what her intentions were." There is no record evidence, however, supporting the magistrate judge's belief; there is no evidence of any further communications between Wolinsky and class counsel. The only relevant evidence of events between April 10 and May 14 were the telephone and e-mail communications between class counsel and counsel for Allianz. Notably, class counsel did not correct the magistrate judge's impression there were additional communications between class counsel and Wolinsky.

The magistrate judge denied the motion to exclude on September 17, 2001, without making an explicit finding of fact with regard to whether Wolinsky requested readmission to the class. Instead, the magistrate judge found she had been readmitted to the class pursuant to a mechanism provided for in the settlement, and denied class counsel's motion to exclude her. The reasons given for the denial were: Allianz's reliance on class counsel's representations that Wolinsky sought readmission; the need to draw a line so all 240,000 members of the class do not unilaterally demand exclusion; and the need for finality. The magistrate judge repeatedly referred to class counsel as Wolinsky's counsel.

Becker, Wolinsky's private counsel, filed a request for leave to file a motion for reconsideration and motion to intervene. A second telephonic hearing was held, and the magistrate judge issued an order on December 4, 2001. The magistrate judge again did not address the issue of Wolinsky's request to be excluded. The request for leave to file for reconsideration was denied and the motion to intervene was granted for the limited purpose of appealing the magistrate judge's decisions regarding Wolinsky's exclusion.

-6-

During the second telephonic hearing, Becker said, "there's a question of fact here as to whether or not [Wolinsky] did try to re-enter the class." The magistrate judge responded, "There is no question of fact. That has already been decided. You might not like the decision . . . [she] may well take that up on appeal." It appears, then, the magistrate judge considered the September 17, 2001, order as finding Wolinsky did request readmission.

Wolinsky now appeals from the magistrate judge's orders of September 17, 2001, and December 3, 2001. Wolinsky first argues the district court did not have subject matter jurisdiction to preside over the action. Wolinsky then challenges the magistrate judge's disposition of her motion for exclusion from the class, arguing: the district court lacked personal jurisdiction over her once she properly opted out; the district court clearly erred in finding she orally requested readmission to the class; and the district court abused its discretion in holding Wolinsky remained in the class.

II

We review the district court's findings of fact under the clearly erroneous standard, its conclusions of law de novo, Fed. Deposit Ins. Corp. v. Lee, 988 F.2d 838, 841-43 (8th Cir. 1993), and its ruling on the "Motion to Exclude" under the abuse of discretion standard. In re Wirebound Boxes Antitrust Litig., 993 F.2d 152, 154 (8th Cir. 1993).

The only record evidence on the question of whether Wolinsky requested readmission to the class is her insistence she never so requested. Allianz maintains Wolinsky asked for readmission, but the only evidence Allianz offered in support of its position is class counsel's representation to Allianz that Wolinsky made an oral request for readmission. Class counsel, who may or may not have spoken to Wolinsky directly when she called the call center, failed to provide evidence on the question. In the absence of supporting evidence, and in the face of explicit evidence

to the contrary, it was clear error for the magistrate judge to find Wolinsky made an oral request for readmission to the class. Her timely written notice to opt out of the settlement is therefore determinative of her status, and the magistrate judge erred in holding otherwise.

Even if Wolinsky had requested readmission to the class, it was abuse of discretion for the magistrate judge to deny the mis-named "Motion to Exclude." The settlement gave the magistrate judge power to determine disputed matters such as class membership, however, that power was limited by its terms. The settlement required timely written notice of opt-outs and written requests to opt into CRP benefits. In fact, the settlement required a writing for everything – a sensible precaution against the very type of "miscommunication" that occurred here. Although no term provided for opting back into the class after properly opting out, the only reasonable interpretation would require a writing to opt back into the class. The magistrate judge abused his discretion in holding Wolinsky's purported oral opt-back-in trumped her undisputed timely written opt-out.

For much the same reason, the equities required Wolinsky's exclusion from the class. Allianz's purported reliance on class counsel's representations was unjustified. The terms of the settlement required a writing and Allianz should have made sure her request to rejoin the class was in writing before agreeing to readmit her. Contrary to its ululations, Allianz need not have contacted Wolinsky directly to verify her wishes, it need only have asked class counsel if her request was in writing. The magistrate judge's concern that allowing Wolinsky out of the class would open the floodgate for other opted-out class members to demand exclusion is misplaced. Allianz has pointed to no other class member, or opted-out individual, who would be able to change their status under the precedent of her exclusion. Moreover, we believe a greater danger would lie in allowing people who opted out in writing to claim they made an oral

8

request for readmission.  In conclusion, we believe the equities required Wolinsky's exclusion from the class and it was an abuse of discretion to deny the motion to exclude her.

Wolinsky is not a member of the class and she has no interest in the settlement. Wolinsky's intervenor status was granted for the limited purpose of appealing the two rulings governing her status in the class.  In setting that limit the magistrate judge applied Fed. R. Civ. P. 24 and concluded Wolinsky's interests sufficient to support intervention for that purpose and no other.  She fails in her briefs to show the magistrate judge erred in so limiting the scope of her intervention.  Wolinsky's challenges to the settlement and the district court's jurisdiction over it exceed the limits placed on her intervention by the magistrate judge.[2]  We therefore limit our discussion to the issue of Wolinsky's status in the class and decline to address her challenges to the district court's orders approving the settlement and entering judgment in the action. Curtis v. City of Des Moines, 995 F.2d 125, 128 (8th Cir. 1993) ("Only a properly named party may initiate an appeal, and those who neither intervene or otherwise attain party status may not appeal a district court's judgment.") (citation omitted).

We therefore reverse the order of the magistrate judge and remand the matter with directions to enter an order granting the motion to exclude Wolinsky from the class.  Wolinsky's pending motion to supplement the record is denied.

---

[2]Devlin v. Scardelletti, et al., 536 U.S. 1 (2002), allowing non-named class members who have objected in a timely manner to approval of a class action settlement at the fairness hearing to bring an appeal without first intervening, does not apply because this is an opt-out class action in which Wolinsky made no objections to the settlement in the court below either before settlement was final or after she was reintroduced to the class.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.