# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2317

_____

Catherine G. Ratliff,

       Plaintiff–Appellant,

v.

Michael J. Astrue, Commissioner of
Social Security,

       Defendant–Appellee.

Appeal from the United States
District Court for the District
of South Dakota.

_____

Submitted: February 15, 2008
Filed: September 5, 2008

_____

Before MELLOY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Plaintiff Catherine G. Ratliff, an attorney, appeals from a district court judgment allowing the government to offset an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(b), against debts her clients owe the federal government. Based on controlling Eighth Circuit precedent, we conclude that attorneys' fees awarded under the EAJA are awarded to the prevailing parties' attorneys, rather than to the parties themselves, and therefore cannot be used

to offset the parties' debts to the government.  Thus, we reverse the judgment of the district court.

## I.

Ratliff successfully represented two claimants in their efforts to receive benefits from the Social Security Administration.  She then moved for the award of fees and costs under the EAJA.  The court granted the fees.  The government reduced the fee award because of debts the claimants owed the United States government.  Ratliff alleged this was an illegal seizure prohibited by the Fourth Amendment.  The district court determined that because the fees were awarded to the parties, not their attorney, Ratliff lacked standing to challenge the government's offset.

## II.

We review the district court's judgment de novo.  Emergency Med. Servs., Inc. v. St. Paul Mercury Ins. Co., 495 F.3d 999, 1009 (8th Cir. 2007) (reviewing de novo the district court's interpretation of a fee-shifting statute); Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006) ("We review the district court's conclusion that the plaintiffs had standing *de novo*.").

Based on controlling Eighth Circuit precedent, we conclude that the attorney's fees in this case are awarded to the parties' attorney.  We recognize that many courts have reached the opposite conclusion.  See Reeves v. Astrue, 526 F.3d 732, 733 (11th Cir. 2008) (concluding in a social security EAJA case that "the statute unambiguously grants an award to the 'prevailing party'" and thus "hold[ing] the award belongs, in the first instance, to the party and not the party's attorney"); Manning v. Astrue, 510 F.3d 1246, 1249–50 (10th Cir. 2007) (holding that under the plain language of the EAJA, the government can offset attorney's fees by the social-security claimant's debt); FDL Techs., Inc. v. United States, 967 F.2d 1578, 1580 (Fed. Cir. 1992) (noting

the EAJA provides fees are awarded "*to a prevailing party*, not the prevailing party's attorney," and "[t]hus, under the language of the statute, the prevailing party, and not its attorney, is entitled to receive the fee award"); Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1510 (11th Cir. 1988) (noting in an EAJA case that "[i]n employing the 'prevailing party' language, Congress recognized that throughout our history litigation costs generally have been awarded to the prevailing party"). Were we deciding this case in the first instance, we may well agree with our sister circuits and be persuaded by a literal interpretation of the EAJA, providing that "a court may award reasonable fees and expenses of attorneys . . . *to the prevailing party*." 28 U.S.C. § 2412(b) (emphasis added).

However, case law from this circuit compels a contrary conclusion. In Curtis v. City of Des Moines, 995 F.2d 125, 129 (8th Cir. 1993), we held that EAJA attorneys are entitled to fees awards; thus, the fees could not be recovered by a third-party judgment creditor of the plaintiff. This also holds true if the judgment creditor is the government. United States v. McPeck, 910 F.2d 509, 514 (8th Cir. 1990). In McPeck, we remanded and directed the bankruptcy court to "determine whether attorneys' fees can be awarded" under the Internal Revenue Code and, if so, specifically directed that "the award of attorneys' fees should be assessed affirmatively against the [government], and not as an offset against its tax claim." Id. Applying Curtis and McPeck, we hold EAJA fee awards become the property of the prevailing party's attorney when assessed and may not be used to offset the claimant's debt. See also Marre v. United States, 117 F.3d 297, 304 (5th Cir. 1997) (holding the government cannot offset attorneys' fees in an EAJA case because "the prevailing party is only nominally the person who receives the award; the real party in interest vis-á-vis attorneys' fees awarded under the statute are the attorneys themselves").

Because we hold EAJA attorneys' fees are awarded to prevailing parties' attorneys, we find that Ratliff has standing to bring an independent action to collect the fees and that the government's withholding of the fee awards to cover the claimants' debts was in violation of the Fourth Amendment. We reverse the judgment of the district court and remand for proceedings consistent with this opinion.

GRUENDER, Circuit Judge, concurring.

I concur in the Court's judgment because I agree that we are bound by our prior decision in *Curtis* and that *Curtis* compels the conclusion that EAJA attorney's fees are awarded to the party's attorney. While *Curtis* involved the award of attorney's fees under 42 U.S.C. § 1988 and not the EAJA, *see* 995 F.2d at 128-29, *Curtis*'s holding applies to this EAJA case because these "fee-shifting statutes' similar language is a strong indication that they are to be interpreted alike," *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989). *See also Northcross v. Bd. of Educ. of Memphis City Sch.*, 412 U.S. 427, 428 (1973) ("[S]imilarity of language . . . is, of course, a strong indication that . . . two [attorney's fee] statutes should be interpreted *pari passu*."). Furthermore, the *Curtis* court's conclusion that the attorneys were entitled to the fees without regard to the priority of the judgment creditor's claim necessarily means that the attorneys' fees were awarded to and belonged to the attorneys and not the party they represented. Had the fee award ever belonged to the party, the court would have been required to analyze the priority of the competing claims. Accordingly, I agree with the Court that *Curtis* compels the conclusion that the attorney's fees awarded pursuant to the EAJA are awarded to the attorney, not her clients.[1]

---

[1]On the other hand, I am not convinced that our *McPeck* decision compels the conclusion reached today. *McPeck* recognizes that "[w]hen a statute awards attorneys' fees to a party, the award belongs to the party, not to the attorney

I write separately to emphasize that our holding today, as compelled by *Curtis*, is inconsistent with language in two Supreme Court opinions, the EAJA's plain language, and the holdings of most other circuit courts.  In *Evans v. Jeff D.*, the Supreme Court stated that "the language of [§ 1988], as well as its legislative history, indicates that Congress bestowed on the 'prevailing *party*' . . . eligibility for a discretionary award of attorney's fees in specified civil rights actions.  475 U.S. 717, 730 (1986).  Several years later, in *Venegas v. Mitchell*, the Supreme Court reiterated its earlier statement, saying that it "[had] recognized that it is the party's entitlement to receive the fees in the appropriate case," 495 U.S. 82, 88 (1990) (citing *Evans*, 475 U.S. at 730-31), and "[had] already rejected the argument that the entitlement to a § 1988 award belongs to the attorney rather than the plaintiff," *id.* at 89 (citing *Evans*, 475 U.S. at 731-32).  This language undermines *Curtis*'s implicit holding that attorney's fees awarded under § 1988 are awarded to a prevailing party's attorney, as well as our conclusion today that EAJA attorney's fees are awarded to a prevailing party's attorney.  *See Manning*, 510 F.3d at 1249-50 (citing *Venegas* and *Evans*, among other cases, in support of the proposition that the EAJA's language "clearly provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees").

Further, our conclusion that EAJA attorney's fees are awarded to a prevailing party's attorney also contradicts the plain language of the EAJA.  In interpreting a

---

representing the party."  910 F.2d at 513.  In remanding the case for the district court to determine whether the attorney's fees could be awarded pursuant to the Internal Revenue Code, rather than the Bankruptcy Code, the court stated that, "[i]f so, the award of attorneys' fees should be assessed affirmatively against the IRS, and not as an offset against its tax claim."  910 F.2d at 514.  However, in the context of that bankruptcy case, it is not at all clear to me that the court's statement implied that the fees are to be awarded directly to the attorneys and not to the party or the bankruptcy estate.  In addition, *McPeck* did not involve attorney's fees awarded under either the EAJA or § 1988.  Moreover, because this statement is not necessary to the outcome, I respectfully suggest that it is dicta.

statute we first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). If so, we apply the plain language of the statute. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). The EAJA provides that "a court may award reasonable fees and expenses of attorneys . . . *to the prevailing party . . . .*" 28 U.S.C. § 2412(b) (emphasis added). The EAJA clearly states that the attorney's reasonable fees and expenses are awarded directly to the prevailing party and does not authorize a court to award fees and expenses to the attorney. I recognize the policy argument that Congress created the EAJA to encourage attorneys to provide representation in certain cases where they might otherwise be unwilling and that to hold that the attorney's fees belong to the client might frustrate this purpose. *See Evans*, 475 U.S. at 731 ("[W]hile it is undoubtedly true that Congress expected fee shifting to attract competent counsel to represent citizens deprived of their civil rights, it neither bestowed fee awards upon attorneys nor rendered them nonwaivable or nonnegotiable."); *Curtis*, 995 F.2d at 129. Nonetheless, the plain language of the EAJA awards the attorney's fees to a prevailing party, not the prevailing party's attorney. Congress has elsewhere demonstrated that it is capable of explicitly directing the awarding of attorney's fees to attorneys. *See* 42 U.S.C. § 406(b)(1) ("Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow . . . a reasonable fee for such representation, . . . and the Commissioner of Social Security may . . . certify the amount of such fee for payment *to such attorney . . . .*") (emphasis added). Congress knows how to ensure that attorney's fees be awarded directly to the attorney and plainly chose to award the fees to the party when it enacted the EAJA. *See Manning*, 510 F.3d at 1251-52.

In addition, as discussed by the Tenth Circuit in its thorough and well-reasoned opinion holding that attorney's fees awarded under the EAJA belong to the party and not the party's attorney, "in defining fees and other expenses, the EAJA treats attorneys in the same manner as it treats expert witnesses, engineers, scientists,

analysts, or other persons found by the court to be needed to prepare the case." *Id.* at 1251 (internal quotations omitted). In support of this proposition, the court cited *Panola Land Buying Association*, in which the Eleventh Circuit stated, "Congress did not intend that all persons performing services to the prevailing party in the litigation be allowed to become parties in the case to assert their claims for compensation. Those persons look to the party that obtained their services–just as does the attorney for the party." 844 F.2d at 1511. The EAJA also requires the prevailing party, not the attorney, to submit an itemized list of expenses from the attorney including the time expended and the fee rate, supporting the proposition that it is "settled law that the attorney does not have standing to apply for the EAJA fees; that right belongs to the prevailing party." *Manning*, 510 F.3d at 1252 (citing *Oguachuba v. INS*, 706 F.2d 93, 97-98 (2d Cir. 1983)). Finally, the EAJA conditions eligibility for an award of attorney's fees on the prevailing parties' having a net worth of less than two million dollars. 28 U.S.C. § 2412(d)(2)(B); *see Manning*, 510 F.3d at 1251. "The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys." *Manning*, 510 F.3d at 1251.

Here, Ratliff successfully represented two social security claimants. Both clients owed outstanding debts to the United States government, and before paying the EAJA fees, the government offset the awards based on the claimants' outstanding debts pursuant to the Debt Collection Improvement Act ("DCIA"). 31 U.S.C. § 3716. Ratliff filed suit to obtain the attorney's fees awarded to her clients, and the district court determined that the government could offset the attorney's fees obtained under the EAJA against each client's debt to the government. The DCIA subjects all federal payments, including fees, to administrative offset by the head of an executive, judicial or legislative agency. 31 C.F.R. § 285.5(e)(1). "[T]he primary purpose of the [DCIA] is to increase the collection of nontax debts owed to the Federal Government . . . ." Exec. Order No. 13,019, 61 Fed. Reg. 51,763 (Sept. 28, 1996). However, Congress recognized specific exceptions to the administrative offsets allowed under the DCIA.

31 U.S.C. § 3716(c)(3)(A). EAJA awards are not listed as exceptions to the administrative offset provision, and there is no indication that Congress intended to exclude EAJA awards from DCIA offsets. Thus, the failure of the DCIA to exempt EAJA awards from offset leads me to believe that Congress intended to allow EAJA awards to be offset against any debts the party owes to the government. *See Manning*, 510 F.2d at 1255.

Finally, the majority of other circuit courts to consider the issue disagree with our conclusion and hold that awards of attorney's fees belong to the client as the prevailing party, not to the attorney. *See Reeves*, 526 F.3d 732; *Manning*, 510 F.3d 1246; *FDL Techs., Inc.*, 967 F.2d 1578; *cf. King v. Comm'r*, 230 Fed. Appx. 476, 482 (6th Cir. 2007) (unpublished) (stating that "attorney's fee awards are necessarily payable to the attorney, either directly or through the hands of the prevailing party" while concluding that the motion for attorney's fees was actually brought on behalf of the attorney's client). *But see Marre*, 117 F.3d at 304. Accordingly, I concur because I am compelled to do so by *Curtis*, but I believe today's holding is in conflict with the repeated statements of the Supreme Court, the EAJA's plain language, and the decisions of several other circuit courts.

_____