# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2317

_____

Catherine G. Ratliff,                          *
                                               *
            Plaintiff - Appellant,             *
                                               *   Appeal from the United States
      v.                                       *   District Court for the
                                               *   District of South Dakota.
Michael J. Astrue, Commissioner of             *
Social Security,                               *   [UNPUBLISHED]
                                               *
            Defendant - Appellee.              *

_____

Submitted:  August 11, 2010
Filed: August 12, 2011

_____

Before MELLOY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


      Catherine G. Ratliff, an attorney, successfully represented two claimants in their efforts to receive benefits from the Social Security Administration.  Ratliff then filed a motion with the district court for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b).  The district court granted the motion, but the government reduced the award because of debts the claimants owed the government.  Ratliff challenged the government's reduction, but the district court rejected Ratliff's challenge.

In a prior opinion in this case, we reversed the district court's judgment, finding that since "EAJA attorneys' fees are awarded to prevailing parties' attorneys, . . . the government's withholding of the fee awards to cover the claimants' debts was in violation of the Fourth Amendment." Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008). The Supreme Court of the United States subsequently reversed this court's judgment, finding that an award of EAJA attorneys' fees "is payable to the litigant" rather than the litigant's attorney "and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010). Having reconsidered this case in light of the Supreme Court's opinion, we now vacate our prior opinion and affirm the judgment of the district court.

_____