[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 17, 2004
THOMAS K. KAHN
CLERK

No. 03-11104

D. C. Docket No. 91-03052 CR-3-RV-01

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM MICHAEL ADKINSON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

**(February 17, 2004)**

Before EDMONDSON, Chief Judge, DUBINA and COX, Circuit Judges.

PER CURIAM:

William Michael Adkinson appeals the district court's order awarding him

$100,169.75 in attorney's fees and costs pursuant to the Hyde Amendment, Pub. L.

No. 105-119, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A (2003), historical and statutory notes). *United States v. Adkinson*, 256 F. Supp. 2d 1297 (N.D. Fla. 2003).

Adkinson presents three arguments on appeal. He contends that (1) the district court erred in subjecting the award to the limitations on attorney's fees contained in 28 U.S.C. § 2412(d)(2)(A) (2003); (2) the district court abused its discretion in determining that no special factors warranted payment of fees at the prevailing market rate rather than the rate specified in § 2412(d)(2)(A); and (3) the district court abused its discretion in calculating the reasonable number of hours expended by Adkinson's various attorneys.

Adkinson's first argument is foreclosed by our recent decision in *United States v. Aisenberg*, 11th Cir., ___ F.3d ___ (No. 03-10857, Feb. 6, 2004), which holds that fee awards under the Hyde Amendment are subject to the limitations in § 2412(d)(2)(A). Of the award, $50,000 represented a flat fee which Adkinson agreed to pay his trial counsel. *Adkinson*, 256 F. Supp. 2d at 1319. This amount, when divided by the number of hours Adkinson's lawyer spent litigating the trial, results in an hourly rate substantially lower than the fee cap provided in § 2412(d)(2)(A). Nonetheless, because $50,000 represented the total fees of his trial counsel, the district court did not abuse its discretion in awarding Adkinson that amount.

Turning to Adkinson's second argument, we find no abuse of discretion in the district court's determination that no special factors justified payment of fees in excess of § 2412(d)(2)(A)'s limitations. The district court properly rejected Adkinson's argument that special factors existed, setting out its reasons for rejecting this argument in its thorough opinion, *Adkinson*, 256 F. Supp. 2d at 1313-14.

Finally, we find no abuse of discretion in the district court's calculation of the reasonable number of hours expended by Adkinson's various attorneys. *See id.* at 1314-18 (calculating carefully a reasonable number of hours, applying the correct legal standards).

AFFIRMED.