Alvin B. DIXON–TOWNSELL,
Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant.

No. 03–CV–584–SAJ.

United States District Court,
N.D. Oklahoma.

April 5, 2006.

Richmond Jay Brownson, Timothy Morris White, Timothy White & Associates, Tulsa, OK, for Plaintiff.

Cathryn Dawn McClanahan, United States Attorney's Office, Tulsa, OK, Linda Hicks Green, Social Security Administration, Dallas, TX, for Defendant.

## ORDER

Hearing was held on Plaintiff's Motion to Set Aside Wrongful Offset of EAJA Attorney Fee and Motion for Fed.R.Civ.P. 60(a) Order [Dkt. # 36–1] on the 24th day of February, 2006. Plaintiff appeared through his attorneys, Timothy M. White and Richmond J. Brownson, and the Commissioner appeared via telephone conference through her attorney, Linda H. Green, Office of General Counsel. The Court, having reviewed Plaintiff's Motions and considered the arguments and authorities presented, found in favor of Plaintiff and directed Plaintiff to prepare and submit Order as set forth herein. The Court reviewed the submitted Order and Objections and enters the following Order.

## BACKGROUND

On February 14, 2003, Plaintiff received an unfavorable decision from an administrative law judge (ALJ), denying his application for Social Security disability benefits. On July 2, 2003, the decision by the ALJ was confirmed by the Action of Appeals Council on Request for Review by order of the Appeals Council. Plaintiff filed this action on August 27, 2003, seeking judicial review of the administrative decision. On March 21, 2005, the United States District Court Clerk entered a final Order remanding this case to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C § 405(g). On June 1, 2005, Counsel filed a Motion for Attorney Fees Pursuant to The Equal Access to Justice Act. The

motion requested Plaintiff's Counsel be awarded a reasonable attorney's fee in the amount of $4,582.80, pursuant to the Equal Access to Justice Act (EAJA); 28 U.S.C. § 2412(d). The Commissioner did not object to the Court approving attorney fees in the amount of $4,582.80, pursuant to 28 U.S.C § 2412(d). The Court granted the Motion for EAJA Attorney Fees on July 19, 2005, and ordered the Government to pay the EAJA attorney fee. The Order was submitted by Counsel for Plaintiff's office staff at the request of the Court and pursuant to local rules of court. It contained erroneous language in that it granted EAJA attorney fees to Plaintiff and not Plaintiff's counsel. The Order was signed as submitted.

On August 24, 2005, the Commissioner sent Counsel a Notice letter acknowledging the Court's Order awarding EAJA attorney fees in the amount of $4,582.80 to Plaintiff. The Commissioner further acknowledged "[t]his payment is paid by the Government and does not come from plaintiff's social security benefits." In a Notice dated September 5, 2005, from the United States Department of Treasury ("Treasury"), Plaintiff's Counsel learned that an administrative offset in the amount of $4,582.80 had been deducted from EAJA attorney fees. This administrative offset took place pursuant to the Debt Collection Improvement Act of 1996, 31 U.S.C § 3716(c)(1)(A); 31 C.F.R. § 285.5(e)(1), which provides the Treasury with the statutory authority to offset a debt from payments made by federal agencies, including the child support debt in the instant case. After the administrative offset, there was no amount left from which to pay Counsel his EAJA attorney fee. Counsel did not have any notice of this offset until receipt of the Treasury Notice.

On November 9, 2005, Plaintiff's Counsel filed a motion to set aside the administrative offset of his attorney fees, or in the alternative, a motion for an amended Order pursuant to Fed.R.Civ.P. 60(a), correcting its Order dated July 19, 2005, which awarded the EAJA attorney fees to Plaintiff instead of Plaintiff's Counsel. On December 14, 2005, the Commissioner filed its objections to the motions of Plaintiff's Counsel. On February 24, 2006, the Court heard oral arguments and the Court granted the motions of Plaintiff's Counsel, with instructions to prepare and send a proposed order to the Commissioner's Counsel, who was to review the proposed order and return it to Plaintiff's Counsel. Plaintiff's Counsel was then to submit the proposed order to the Court with objections, if any.

Plaintiff's Council submitted the Order with no objections noted. However, Commissioner separately filed Objection to Plaintiff's Proposed EAJA Order [Dkt.# 53], which simply states the Order is "unnecessarily lengthy and contains comments on the weight of the evidence and the law the Commissioner believes are best left to the Court's consideration." The Court has reviewed the submitted Order and the Objection and enters the following findings and conclusions.

## FINDINGS AND CONCLUSIONS

■ The Court finds the objections raised to Plaintiff's original motion are without merit. Plaintiff's Motion shall be granted pursuant to Fed.R.Civ.P. 60(a), which provides that clerical mistakes in orders and errors arising from oversight or omissions may be corrected by the Court at any time. The mistake made herein was a clerical mistake, submitted by Plaintiff's counsel and erroneously entered by the Court and, as such, is subject to amendment pursuant to Rule 60. The Order shall be amended to reflect that the EAJA attorney fee should be paid to

Plaintiff's Counsel, Timothy M. White, rather than to Plaintiff.

The Court further finds the offset is subject to being set aside by the Court and the Commissioner has the authority to retrieve the improperly advanced funds pursuant to 31 C.F.R. § 285.4(h), Part 285— Debt Collection Authorities Under the Debt Collection Improvement Act of 1996, Offset of Federal benefit payment to collect past-due, legally enforceable nontax debt, which provides:

> If an erroneous offset payment is made to a creditor agency, the disbursing official will notify the creditor agency that an erroneous offset payment has been made. The disbursing official may deduct the amount of the erroneous offset payment from future amounts payable to the creditor agency. Alternatively, upon the disbursing official's request, the creditor agency shall return promptly to the disbursing official or the affected payee an amount equal to the amount of the erroneous payment. The disbursing official and the creditor agency shall adjust the debtor records appropriately.

The Court further finds that there is no authority to grant Plaintiff, rather than Plaintiff's Counsel, attorney fees pursuant to EAJA. EAJA attorney fees, which are awarded pursuant to 28 U.S.C § 2412(d), are intended to compensate Plaintiff's attorney, not generate income for a claimant. *See Demarest v. Manspeaker,* 948 F.2d 655, 656 (10th Cir.1991). Further, there can be no estoppel or waiver arising out of a void Order. The Court notes counsel for the Commissioner has an obligation equal to that of Plaintiff's Counsel, as an officer of the Court, to inform the Court that an Order is void and unenforceable as submitted and/or entered.

The Court therefore directs the Commissioner, as the disbursing official, to make an official request to the Treasury within fifteen days of the date of this Order, as the creditor agency, to return to the Commissioner the amount of the erroneous offset, or $4,582.80. When the offset amount is returned to the Commissioner, the Commissioner shall immediately thereafter pay to Plaintiff's Counsel the amount of $4,582.80, which represents the amount of the erroneous offset and the amount of EAJA attorney fee. This procedure being directed by the Court will insure that the EAJA payment will be made only once, to the correct party.