**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANET C. MANNING,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 06-7127

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 04-CV-21-SPS)**

---

Submitted on the briefs:[**]

Richmond J. Brownson, Timothy M. White, Tulsa, Oklahoma, for
Plaintiff-Appellant.

Peter D. Keisler, Assistant Attorney General; William Kanter, Michael E.
Robinson, Attorneys, Appellate Staff, Civil Division, Department of Justice,
Washington, D.C. (Sheldon J. Sperling, United States Attorney, Muskogee,
Oklahoma, of Counsel) for Defendant-Appellee.

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

**ANDERSON**, Circuit Judge.

Janet C. Manning appeals the district court's denial of a Fed. R. Civ. P. 60 motion requesting that the court either set aside an administrative offset to an award of attorney's fees the court made to her under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), or, alternatively, amend the fee order to award the EAJA fees to her counsel. The very narrow issues before us on appeal are (1) whether the EAJA attorney's fees award should have been paid to Ms. Manning or to her attorney in the first instance and (2) if the fees were properly paid to Ms. Manning, are those fees subject to administrative offset under the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, for student loan debts owed by Ms. Manning to the United States Department of Education. Because we conclude the district court properly made the attorney's fees award to Ms. Manning and that award was subject to administrative offset for her unpaid student loan debts, we affirm.

## BACKGROUND

The district court[1] reversed the Commissioner's denial of supplemental security income (SSI) benefits to Ms. Manning and remanded for further proceedings. Ms. Manning then moved in that court for an award of attorney's fees to her counsel of $5,958.30 under the EAJA. The Commissioner did not object, and the district court awarded the fees, ordering payment to Ms. Manning as the prevailing party. In addition, the court ordered that if Ms. Manning's attorney were awarded any fees pursuant to 42 U.S.C. § 406(b)(1), which permits payment of fees to an attorney out of past due benefits, the attorney must refund the smaller amount to her pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Thereafter, the Social Security Office of the General Counsel notified Ms. Mannings' attorney that the district court had ordered the Social Security Administration to pay attorney's fees in the amount of $5,958.30 under the EAJA and that he would "soon receive a check payable to Janet C. Manning and Timothy White and Associates c/o Richmond Brownson, in accordance with the [district court's order]." Aplt. App. at 58. Counsel, however, received a United States treasury check made payable to "Janet Manning c/o Timothy White &

---

[1] The parties agreed that the magistrate judge would conduct all proceedings in this case. Thus, we refer to the proceedings before and the decision of the magistrate judge as before and by the district court.

Associates" in the amount of $3,992.18. *Id.* at 59. Under the authority of the Debt Collection Improvement Act of 1996, the United States had administratively offset the EAJA award by $1,966.12, an amount Ms. Manning owed to the United States Department of Education on an outstanding school loan debt.[2]

Ms. Manning's counsel then moved the district court, on his own behalf, either to set aside the alleged wrongful administrative offset or to correct, under Fed. R. Civ. P. 60(a), the alleged clerical error of awarding attorney's fees directly to Ms. Manning rather than to her attorney. Aplt. App. at 38. Counsel argued that the offset should be set aside because (1) EAJA fees are income to counsel; (2) the Debt Collection Improvement Act permits administrative offset from disability benefits, but does not specifically mention administrative offset from EAJA fees; (3) counsel has a de facto lien against the fees that should receive priority over any claim by the government; and (4) under *Weakley*, 803 F.2d at 580, if a claimant later receives disability benefits resulting in the claimant's attorney being awarded fees under § 406(b)(1), then the attorney must refund the smaller of the EAJA or the § 406(b)(1) fees to the claimant, thereby suggesting that the intent of the EAJA is to compensate counsel.

In addition to filing the motion, counsel contacted the Department of Education to resolve this matter administratively. The Department initially indicated that it was in the process of refunding the offset monies. Aplt. App. at

---

[2]    Ms. Manning has never disputed having an unpaid student loan debt.

-4-

63. Later, however, the Department changed course and determined it would not refund the offset. After efforts to resolve the matter administratively failed, the Commissioner stipulated that the district court's order should be corrected to award attorney's fees to Ms. Manning's attorney. The court declined to honor the stipulation, however. The court first decided that the motion should have been made pursuant to Rule 60(b)(1), rather than Rule 60(a), because there was no clerical error as the court had intended to award attorney's fees to Ms. Manning, the prevailing party, and not to her attorney. Construing the motion as filed under Rule 60(b)(1), the court denied relief, finding that under the clear language of 28 U.S.C. § 2412(d)(1)(A), the EAJA payment was properly made to Ms. Manning, the prevailing party, and not to her attorney. The court reasoned that to ignore the clear statutory language and to award fees directly to Ms. Manning's attorney to circumvent the offset would

> summarily decide [unresolved] disputes not properly before the Court: (i) whether the United States may legally assert an offset against fees awarded to the Plaintiff under the EAJA; (ii) whether the Plaintiff's attorney has an enforceable lien on the EAJA fee award arising out of his contract with the Plaintiff; and, (iii) whether any attorney's lien has priority over the government's right of offset.

Aplt App. at 76-77 (citation omitted). Ms. Manning appealed.

**ANALYSIS**

*I. What is the Scope of this Appeal?*

In this section, we set forth the issues that are the basis for this appeal and discuss why we are not addressing other issues raised on appeal by Ms. Manning. As indicated above, we confine our disposition to the following two issues: (1) whether attorney's fees under the EAJA are payable to Ms. Manning or to her attorney and (2) if the attorney's fees are payable to Ms. Manning, whether the fees may be offset under the Debt Collection Improvement Act for an outstanding student loan debt owed by Ms. Manning to the Department of Education. The first issue was raised in the district court by Ms. Manning and later by her counsel on his own behalf and by his own motion. The district court, as indicated above, addressed this issue, ruling on it adversely to counsel. The second issue was not ruled on by the district court. Ms. Manning raises the issue on appeal, however, and the Commissioner responds, arguing that any EAJA award to Ms. Manning is subject to offset. While technically we could avoid deciding this issue because it was not ruled on by the district court, we choose to consider it for two reasons: (1) because the district court held that the fee award was to Ms. Manning as the prevailing party, the court effectively held that the debt could be offset and (2) the first and second issues are intertwined, making it advisable to address the second issue.

Ms. Manning also argues on appeal that counsel "probably" has an

enforceable lien on the EAJA fee award with priority over the government.  Aplt. Br. at 26.  This argument was not adequately raised or briefed in the district court and was not ruled on by that court.  Due to the insufficient development in the district court, the lack of an adequate record on appeal, and the lack of a district court ruling, we do not address any issue concerning an attorney's lien.  Specifically, we decline to address whether an attorney's lien attached to the award of attorney's fees; if a lien attached, how that lien attached; how to enforce an attached attorney's lien; how to collect on the attorney's lien; or whether a lien would have priority.[3]

## II.  *Are the EAJA Attorney's Fees Payable to Ms. Manning or to Her Attorney?*

Ms. Manning does not dispute the district court's finding that her motion was properly filed under Rule 60(b).  We review the denial of Rule 60(b) relief for an abuse of discretion.  *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).  Under Rule 60(b)(1), a court may relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  A "mistake" may occur if the district court made a substantive mistake of law in its order.  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

---

[3]     Also, any debts other than student loans are not part of this appeal.  For example, we do not address any questions concerning unpaid child support payments or creditors' rights in intervening bankruptcy actions.  The resolution of these issues must be addressed when they arise in an appropriate case with a proper record.

Applying these standards, we conclude that there was no mistake warranting Rule 60(b)(1) relief, and, therefore, the district court did not abuse its discretion in denying Ms. Manning's motion. In reaching this conclusion, we first look to the EAJA statute.

> When interpreting the language of a statute, the starting point is always the language of the statute itself. If the language is clear and unambiguous, the plain meaning of the statute controls. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses.

*McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quotation omitted).

The EAJA statute provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses . . . *incurred by that party* in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). As the district court found, this statutory language clearly provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'"); *McGraw*, 450 F.3d at 497, 503

-8-

(stating "EAJA award is to the claimant, while counsel receives [the § 406(b)] award" and EAJA "award is to the claimant, who may or may not tender that award to counsel, regardless of their agreement"); *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) (per curiam) ("As the statute requires, any [EAJA] fee award is made to the 'prevailing party,' not the attorney."); *see also City of Burlington v. Dague*, 505 U.S. 557, 572 (1992) (Blackmun, J., dissenting) ("The provisions at issue in this case, [the Clean Water Act and the Solid Waste Disposal Act,] like fee-shifting provisions generally, authorize fee awards to prevailing *parties*, not their attorneys."); *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990) ("Section 1988 [4] makes the prevailing *party* eligible for a discretionary award of attorney's fees. . . . [I]t is the party, rather than the lawyer, who is . . . eligible . . . ."); *id.* at 89 ("[W]e have already rejected the argument that the entitlement to a § 1988 award belongs to the attorney rather than the plaintiff.");[5]

---

[4]    In part, 42 U.S.C. § 1988(b) states that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985 and 1986 of [title 42], . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[5]    Congress has enacted numerous fee-shifting statutes awarding fees to prevailing parties. *See, e.g., W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 88-89 & n.4 (1991) (listing some fee-shifting statutes), *superceded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, § 113, 105 Stat. 1071, 1079 (amending § 1988 to permit recovery of expert witness fees). The Supreme Court has held that legal principles from cases addressing other fee-shifting statutes, such as § 1988, apply to EAJA cases. *See, e.g., Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 n.4 (2001)

(continued...)

*Evans v. Jeff D.*, 475 U.S. 717, 730, 731-32 (1986) (holding in § 1988(b) case that Congress gave prevailing party statutory eligibility for discretionary award of attorney's fees and statute did not bestow fee award on attorney); *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1213 (10th Cir. 2000) (relying on case law addressing attorney's fees under § 1988 and deciding that "prevailing party" language in Fed. R. Civ. P. 54(d) refers to party and not to attorney); *Turner v. Sec'y of Air Force*, 944 F.2d 804, 808 & n.2 (11th Cir. 1991) (relying on case law dealing with § 1988 and holding in 42 U.S.C. § 2000e-5(k) case that "[i]t is clear that the award of attorneys' fees belongs to the prevailing party, not to the attorney representing the party"); *United States v. Adkinson*, 256 F. Supp. 2d 1297, 1318 (N.D. Fla. 2003) ("[T]he [EAJA] fee award belongs to the client, and an attorney has no independent right to a fee award under the EAJA."), *aff'd*, 360 F.3d 1257 (11th Cir. 2004) (per curiam).

In addition to the "prevailing party" language, other parts of the EAJA statute "affirmatively rule out the attorney as a recognized applicant for fees and expenses." *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1511 (11th Cir.

---

[5](...continued)
(recognizing that Court has interpreted fee-shifting provisions consistently); *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989) ("We have stated in the past that fee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike."); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (deciding that interpretation of term "prevailing party" in § 1988 is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'").

1988).  In defining "fees and other expenses," the EAJA treats attorneys in the same manner as it treats "expert witnesses, engineers, scientists, analysts, or other persons found by the court to be" needed to prepare the case.  *Id.*; *see also* 28 U.S.C. § 2412(d)(2)(A).  In addition, the EAJA requires that to apply for fees and other expenses, the prevailing party must submit an itemized statement from the attorney or expert stating the time expended and the fee rate.  28 U.S.C. § 2412(d)(1)(B).  Lastly, the EAJA statute conditions eligibility for attorney's fees upon the prevailing party, not the attorney, not having a net worth exceeding $2,000,000.  *Id.*  The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.

Although the statutory language alone makes it clear that the prevailing party and not the attorney may recover an award of attorney's fees, the legislative history for the EAJA also makes it clear that certain prevailing parties, and not their attorneys, may recover attorney's fees when the government's action was not substantially justified.  *See* H.R. Rep. No. 96-1418, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984.  The EAJA

> rests on the premise that certain individuals . . . may be deterred from seeking review of . . . unreasonable governmental action because of the expense involved in securing the vindication of their rights.  The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government.  The purpose of the bill is to reduce the deterrents and disparity by

> entitling certain prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States, unless the Government action was substantially justified.

*Id.* This statement of purpose directly addresses the question whether the EAJA fees are for the claimant or for the claimant's attorney and clearly states that the fees are for the claimant. *See Panola Land Buying Ass'n*, 844 F.2d at 1511 (noting that federal fee statutes were not "enacted for the benefit of the Bar" but "for the benefit of the persons the statutes are designed to reach"). "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)  The EAJA therefore was not enacted for the benefit of counsel to ensure that counsel gets paid. *Panola Land Buying Ass'n*, 844 F.2d at 1511.

Ms. Manning, however, maintains that uncodified portions of the EAJA anticipate that her attorney will receive the EAJA fee award. In particular, she points to Pub. L. 99-80, § 3, 99 Stat. 186 (1985). This section, however, refers to the fact that the attorney must return to the claimant the smaller of the two fee awards under the EAJA or under 42 U.S.C. § 406(b)(1). It does not state that the attorney is entitled to receive the full amount of the EAJA fees awarded. Rather, the purpose is to ensure that the attorney does not receive double compensation.

The language of § 406(b)(1) further supports the conclusion that the EAJA award is for the prevailing party and not her attorney. Under § 406(b), the

Commissioner "must withhold and pay a reasonable attorney's fee directly to the attorney out of the claimant's past-due benefits, thus guaranteeing payment to the attorney and avoiding collection problems, but the amount of the attorney's fee that must be withheld and directly paid to the attorney is limited to the maximum of 25% of past-due benefits." *Burnett v. Heckler*, 756 F.2d 621, 626 (8th Cir. 1985). Thus, unlike the EAJA, § 406(b) expressly provides for payment to the attorney. Congress has not substantially amended § 406(b) since enacting the EAJA. From this, we draw the conclusion that Congress knows what language to use to award attorney's fees to an attorney and what language to use when it chooses to award the fees to the prevailing party. Congress could have worded the EAJA statute to award attorney's fees to the attorney, but it did not do so.

Further support for the conclusion that the EAJA award is for the prevailing party and not for the attorney is the settled law that the attorney does not have standing to apply for the EAJA fees; that right belongs to the prevailing party. *See Oguachuba v. INS*, 706 F.2d 93, 97-98 (2d Cir. 1983). Just as a prevailing party cannot assign her underlying substantive action, she cannot assign her right to seek attorney's fees, which is derivative of the underlying substantive action, to her attorney. *Cf. Pony v. County of Los Angeles*, 433 F.3d 1138, 1140, 1142-44 (9th Cir.) (addressing attorney's fees under § 1988 and rejecting as invalid under California law plaintiff's putative assignment of right to apply for attorney's fees), *cert. denied*, 126 S. Ct. 2864 (2006). Only after the prevailing party

-13-

exercises her right to seek an award of attorney's fees under the EAJA and obtains an award may her attorney pursue collection of the attorney's fees. *See id.* at 1142, 1144.

Citing *Willis v. Government Accountability Office*, 448 F.3d 1341, 1347 (Fed. Cir. 2006), *cert. denied*, 127 S. Ct. 1356 (2007), and *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc.*, 89 F.3d 574, 577 (9th Cir. 1996), Ms. Manning argues that even though the EAJA statute gives her the right to claim the fees, her attorney has the right to receive the awarded fees. Because these cases are distinguishable, we reject this argument.

The Ninth Circuit has held that *Virani,* a qui tam action under the False Claims Act, does not apply to fee awards under § 1988. *Gilbrook v. City of Westminster*, 177 F.3d 839, 874 (9th Cir. 1999). The court noted that there are significant differences between a fee award in a qui tam action and in a § 1988 action. *Gilbrook*, 177 F.3d at 874. Those differences are (1) that the Supreme Court has held that fee awards under § 1988 are bestowed upon the prevailing party and not the attorney; (2) that the governmental-harm concerns present in a qui tam action are not present in a civil rights action; and (3) that denying direct payment to attorneys is consistent with § 1988's purpose of attracting counsel to represent civil rights plaintiffs. *Id.* (citing *Jeff D.*, 475 U.S. at 731-32). *Gilbrook* therefore specifically held that "[i]n the absence of a contractual assignment [of the fee award] to counsel, § 1988 requires that attorney fee awards be made

-14-

directly to the prevailing party." 177 F.3d at 875. Based on our previous discussion that legal principles from § 1988 cases apply to EAJA cases, we conclude that *Gilbrook*'s analysis and holding are equally applicable in an EAJA case.

*Willis*, a case under the Civil Service Reform Act, is distinguishable on the ground that it addressed the issue whether the attorney had standing to claim attorney fees under that Act. 448 F.3d at 1342, 1345. It cited *Virani* with approval only to differentiate between the plaintiff's right to seek the fees and the attorney's right to collect the awarded fees. *Willis*, 448 F.3d at 1347. But in a footnote, *Willis* recognized that, in an EAJA context, the client, not the lawyer, has the right to collect the fees. *Id.* at 1347 n.3 (citing *FDL Techs., Inc. v. United States*, 967 F.2d 1578, 1580-81 (Fed. Cir. 1992), which addresses different EAJA provision, 5 U.S.C. § 504(a)(1), but discusses 28 U.S.C. § 2412(d)(1)(A) and determines they are comparable and that under both provisions prevailing party is entitled to fee award).

Further, Ms. Manning argues that because pro se litigants are not eligible for the award of EAJA attorney's fees, *see Demarest v. Manspeaker*, 948 F.2d 655, 655-56 (10th Cir. 1991), the intention of the statute is to provide the attorney with the award. But she fails to recognize that the purpose of the fee award is to allow a claimant to present her claims without having to bear the cost of

-15-

litigation. *See id.* at 656. If one of the costs the successful claimant has borne is attorney's fees, then she may, if eligible, recover them under the statute.

Ms. Manning cites *Dixon-Townsell v. Barnhart*, 445 F. Supp. 2d 1283 (N.D. Okla. 2006), as authority for reversing an offset of the EAJA fee award. In *Dixon-Townsell*, the Social Security claimant's EAJA fee award was completely offset under the Debt Collection Improvement Act of 1996 by an amount owed for unpaid child support. *Id.* at 1284. The claimant moved either to set aside the administrative offset or to correct under Rule 60(a) the clerical error of awarding fees to the claimant. *Dixon-Townsell*, 445 F. Supp. 2d at 1284. The district court granted Rule 60(a) relief, amending the order to state that the EAJA attorney's fees award should be paid to counsel, and not to the claimant. *Dixon-Townsell*, 445 F. Supp. at 1284-85. The court found that the offset could be set aside and the Commissioner had the authority to retrieve the offset money pursuant to 31 C.F.R. § 285.4(h). *Dixon-Townsell*, 445 F. Supp. 2d at 1285. The court also found that there was no authority to grant the EAJA fees to the claimant, because the fees are intended to compensate counsel and not to generate income for the claimant. *Id.* (citing *Demarest*, 948 F.2d at 656).

We reject the conclusions reached in *Dixon-Townsell*. First, it neither discusses the plain language of the EAJA statute, nor considers the legislative history or case law interpreting the statute. In Ms. Manning's case, the award was correctly made to her and not to her attorney based on the clear statutory

language that the award is to the prevailing party. *See Reeves v. Barnhart*, 473 F. Supp. 2d 1173, 1176-77 (M.D. Ala. 2007) (distinguishing and rejecting *Dixon-Townsell*); *see also McCarty v. Astrue*, 505 F. Supp. 2d 624, 630-31 (N.D. Cal. 2007) (rejecting *Dixon-Townsell* as not persuasive). *Dixon-Townsell*'s citation to *Demarest* was inapposite, because, as indicated above, that case set forth the rule that pro se plaintiffs may not receive EAJA attorney's fees awards, and neither Mr. Dixon-Townsell nor Ms. Manning proceeded pro se. *See Reeves*, 473 F. Supp. 2d at 1177. And *Demarest* did not hold that the EAJA attorney's fees should be paid to counsel.

Continuing to argue that the EAJA award is for her attorney, Ms. Manning contends that it is customary in the Tenth Circuit for the EAJA attorney's fees to be paid directly to counsel. It is true, as she points out, that this court in *Weakley*, 803 F.2d at 580, ordered the government to pay EAJA attorney's fees to the plaintiff's attorney. But we did not address whether the Social Security claimant or the claimant's attorney was entitled to recover the fees under the EAJA statute. We merely awarded attorney's fees under § 406(b) and under the EAJA at the same time. *Weakley*, 803 F.2d at 580. Because the EAJA fees were greater than the § 406(b) fees, we ordered that counsel pay the smaller amount, represented by the § 406(b) fees, to the claimant. *Weakley*, 803 F.2d at 580. We have, however, more recently specifically stated in *McGraw*, based on analysis of the EAJA

language, that the EAJA award is to the claimant, whereas the § 406(b) award is to counsel.[6]  *McGraw*, 405 F.3d at 497.[7]

Ms. Manning next argues that providing payment to her, instead of to counsel, might result in counsel receiving no payment for the work he has performed, thereby negating the purpose of the EAJA.  She also contends that paying all the EAJA fees to the claimant directly would have a chilling effect on a claimant's ability to obtain representation.  Ms. Manning's argument is purely speculative.  Even if it is true, the clear language of the statute provides that attorney's fees are paid to the prevailing party, not the attorney.  And in *Jeff D.*, 475 U.S. at 741 n.34, the Supreme Court addressed and rejected a similar argument:

---

[6]      The issue presented in *McGraw* was whether § 406(b)(1) "allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits."  *McGraw*, 450 F.3d at 495-96.

[7]      Other courts have ordered payment of the EAJA attorney's fees directly to attorneys.  *See, e.g.*, *Garcia v. Sullivan*, 781 F. Supp. 969, 974 (S.D.N.Y. 1991); *Price v. Sullivan*, 756 F. Supp. 400, 405 (E.D. Wis. 1991); *Barriger v. Bowen*, 673 F. Supp. 1167, 1170 (N.D.N.Y. 1987).  None of these cases addressed why the fees were paid to counsel instead of to the claimant or whether the fee awards belonged to counsel or to the claimant.  The Seventh Circuit has noted that while "[t]echnically the award of attorney's fees under section 1988 is to the party, not to his lawyer, . . . it is common to make the award directly to the lawyer where . . . the lawyer's contractual entitlement is uncontested."  *Richardson v. Penfold*, 900 F.2d 116, 117 (7th Cir. 1990).

We are cognizant of the possibility that decisions by individual clients to bargain away fee awards may, in the aggregate and in the long run, diminish lawyers' expectations of statutory fees in civil rights cases. If this occurred, the pool of lawyers willing to represent plaintiffs in such cases might shrink, constricting the "effective assess to the judicial process" for persons with civil rights grievances which the Fees Act was intended to provide. . . . We believe, however, that as a practical matter the likelihood of this circumstance arising is remote.

Ms. Manning argues that the district court ignored the taxation problems that would occur to her if the EAJA fee award is paid directly to her. Like the lien issues mentioned in the first section of this decision, the taxation issues were not developed in the district court. But because, as discussed above, the EAJA attorney's fees belong to the prevailing party, we can easily conclude that Ms. Manning is properly taxed on that income. *Cf. Campbell v. Commissioner*, 274 F.3d 1312, 1313-14 (10th Cir. 2001) (holding that award of attorney's fees under Title VII is income to former employee); *Sinyard v. Commissioner*, 268 F.3d 756, 757, 759 (9th Cir. 2001) (holding that attorney's fees paid on prevailing party's behalf pursuant to court order approving settlement of Age Discrimination in Employment Act class actions are income to prevailing party). *See generally Commissioner v. Banks*, 543 U.S. 426, 438-39 (2005) (declining to address argument that effectiveness of fee-shifting statutes is undermined by treating statutory fee awards as income to plaintiff).

Although we conclude that the award of EAJA attorney's fees is to Ms. Manning and not to her attorney, we recognize that perhaps the answer is not

as clear as it would appear to be from the statutory language, legislative history, and case law. Admittedly, it seems counter intuitive to hold that an award of attorney's fees does not go to the attorney, especially since the EAJA fees are calculated based on the time spent by the attorney and based on the attorney's hourly rate, *see* 28 U.S.C. § 2412(d)(1)(B), (2)(A). Indeed, the answer to the question "who do the fees go to" was not clear to the government, because it switched positions during the course of this litigation. In the district court, it consistently took the position that the award belonged to the attorney. But on appeal, it took the position that the award belonged to Ms. Manning.[8] Despite the government's confusion, we are bound by the statutory language, legislative history, and case law, which has been set forth in detail above.

---

[8] On appeal, the Commissioner attempted to justify the stipulation as follows.

> Since district courts within the region from time to time have ordered [the Social Security Administration] to pay EAJA fees directly to counsel, see, *e.g.*, *Dixon-Townsell v. Barnhart*, 445 F. Supp. 2d 1283, 1285 (N.D. Okla. 2006), the government acquiesced in counsel's belief that the magistrate judge might have made a clerical error in awarding the EAJA fees here to the plaintiff instead of her attorney. The magistrate judge, however, made clear that he had not "committed a clerical error in awarding attorneys' fees under the EAJA to the Plaintiff instead of awarding them to her attorney." Thus, the premise of the government's stipulation was invalid.

Aplee. Br. at 9 n.4 (appendix citation omitted).

*III. Are the EAJA Fees Subject to Offset Under the Debt Collection Improvement Act for Unpaid Student Loan Debts?*

Under the Debt Collection Improvement Act, the Department of the Treasury's Financial Management Service has the authority to collect nontax debts owed to the United States government by offsetting payments made by other federal agencies. *See* 31 U.S.C. § 3716; 31 C.F.R. § 285.5(a)(1); *see also* Exec. Order No. 13,019, 61 Fed. Reg. 51,763 (Sept. 28, 1996) ("[T]he primary purpose of the Debt Collection Improvement Act is to increase the collection of nontax debts owed to the Federal Government . . . ."). All federal payments, including "fees," are subject to administrative offset. 31 C.F.R. § 285.5(e)(1). The only exceptions are for those payments specifically listed. *Id.* § 285.5(e)(2); *see also* § 285.5(e)(3)(i)(A) (noting that special rules apply to offset of Social Security benefit payments, excluding SSI payments). One payment type excluded from offset is payments for which a statute expressly prohibits offset. *Id.* § 285.5(e)(2)(v); *see also* 31 U.S.C. § 3716(e)(2). An EAJA award is not among the listed exceptions in § 285.5(e)(2). Nor does the EAJA statute prohibit offset of any fee award. *See* 28 U.S.C. § 2412. Furthermore, the Debt Collection Improvement Act does not exempt an EAJA attorney's fees award from offset. *See* 28 U.S.C. § 3716. Thus, it is clear that the Debt Collection Improvement Act is sufficiently broad to offset an EAJA fees award for an unpaid student loan debt owed to the federal government.

Ms. Manning argues that the district court abused its discretion by failing to consider the holding in *Lockhart v. United States*, 546 U.S. 142 (2005), that the United States may offset an outstanding school loan debt from Social Security benefits beyond a ten-year statute of limitations period. She contends that *Lockhart* did not make a similar holding with respect to an offset from the EAJA attorney's fees. Relying on *McGraw*, 450 F.3d at 497, she points out that the EAJA fees are not paid out of Social Security benefits. This argument is without merit, because the Higher Education Technical Amendments of 1991, Pub. L. No. 102-26, § 3, 105 Stat. 123, 124-25 (codified at 20 U.S.C. § 1091a(a)), which was relied on in *Lockhart*, eliminated the statute of limitations for all student loan collections. Thus, the district court did not abuse its discretion by failing to consider that under *Lockhart* the government can recover outstanding student loan debt from Social Security benefits.

Instead, the fact that Social Security benefits can be offset arguably provides further support for the conclusion that the EAJA fees award can be offset. The purpose of disability benefits is to provide "income required for ordinary and necessary living expenses." 20 C.F.R. § 404.508(a). To the extent that the Debt Collection Improvement Act reaches Social Security disability benefits, whose purpose is to provide income for living expenses, it certainly follows that the Act includes EAJA fees. In comparison, attorney's fees paid

-22-

directly to an attorney under § 406 are not subject to offset, simply because they are paid directly to the attorney.

We conclude that the EAJA attorney's fees award was properly paid to Ms. Manning and that those fees were subject to administrative offset by the Debt Collection Improvement Act for student loan debts she owed to the Department of Education. The judgment of the district court is therefore AFFIRMED. Ms. Manning's unopposed motion to file an addendum of recent citations is GRANTED.