FILED

United States Court of Appeals
Tenth Circuit

**March 18, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RODNEY E. WINSLOW,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 07-7060
(D.C. No. CIV-05-443-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Rodney E. Winslow appeals from the district court's order awarding

attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.

§ 2412, to himself, instead of directly to his counsel. We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After the district court[1] remanded Mr. Winslow's request for Social Security disability benefits and Supplemental Security Income to the Commissioner for further proceedings, Mr. Winslow moved for an award of attorney's fees in the amount of $5,611.90 as the prevailing party pursuant to the EAJA and asked the court to award the fees directly to his counsel. Attached to the motion was his affidavit assigning any right or interest in the award to his counsel and asking that the fees be paid directly to counsel. The court granted an award of fees to Mr. Winslow in the requested and unopposed amount, but denied payment directly to counsel. The court noted that Mr. Winslow and counsel, as a matter of private agreement, may provide for the payment of the fees to counsel, but a private agreement did not provide the court the authority to ignore the clear language of the EAJA, which requires payment of the fees to the prevailing party, not counsel. *See* Aplt. App. at 46-48. Mr. Winslow appeals, arguing that the court erred in failing to make the award of fees directly to counsel.

This court recently addressed in *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007), whether attorney's fees pursuant to the EAJA are payable to the claimant or to the claimant's attorney. *Manning* held, based on statutory language, legislative history, and case law, that the attorney's fees award under the EAJA is to the prevailing party and not to that party's attorney. *Id.* at

---

[1] All district court proceedings were conducted before a magistrate judge with the consent of the parties.

-2-

1249-55.  We agree with the district court that Mr. Winslow's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party.  Thus, the district court correctly declined to award the fees directly to counsel.[2]

 Accordingly, we AFFIRM the district court's July 6, 2007 order.

     Entered for the Court


     Bobby R. Baldock
     Circuit Judge

---

[2]  "Whether an award of attorneys' fees under the [EAJA] ultimately redounds to the benefit of counsel[, however,] depends upon the private contractual arrangements between the attorney and the client."  *Oguachuba v. INS*, 706 F.2d 93, 97 (2d Cir. 1983); *see also Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1511 (11th Cir. 1988) ("Historically, the client and the lawyer make their fee arrangement, and the lawyer looks to the client for payment of the legal fee. . . .  In enacting the EAJA, Congress recognized and maintained the attorney-client relationship as it has existed throughout our history.").  This private contractual arrangement is a collateral matter the district court did not err in declining to address when considering the EAJA fees motion.