**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN H. HALL,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 07-7059
(D.C. No. 6:06-CV-069-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

John H. Hall appeals from the district court's order awarding him

attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412,

as the prevailing party, instead of awarding the fees directly to his counsel.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, we affirm the district court's order awarding the fees to Mr. Hall.

After the district court[1] remanded Mr. Hall's request for Social Security disability benefits to the Commissioner for further proceedings, Mr. Hall moved for an award of attorney's fees of $5,780.90 as the prevailing party pursuant to the EAJA and asked the court to award the fees directly to his attorney. Attached to the motion is Mr. Hall's affidavit assigning his rights in the fees award to counsel and agreeing that the award be paid to counsel. The Commissioner did not object to either an award of fees or to the amount of fees requested, but he did object to direct payment of the fees to counsel. The court granted an award of fees to Mr. Hall as the prevailing party under the EAJA in the requested amount, but denied payment directly to his counsel. Mr. Hall appeals, arguing that the court erred in failing to award the fees directly to counsel.

This court recently addressed in *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007), whether attorney's fees pursuant to the EAJA are payable to the claimant or to the claimant's attorney. *Manning* held, based on statutory language, legislative history, and case law, that the attorney's fees award under the EAJA is to the prevailing party and not to that party's attorney. *Id.* at

---

[1] All district court proceedings were conducted before a magistrate judge with the consent of the parties.

1249-55.  Thus, the district court correctly declined to award the fees directly to Mr. Hall's counsel.

Mr. Hall argues that the district court should have acknowledged the assignment and explained why the court was ignoring it.  *See* Aplt. Br. at 28-29. "Whether an award of attorneys' fees under the [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client."  *Oguachuba v. INS*, 706 F.2d 93, 97 (2d Cir. 1983); *see also Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1511 (11th Cir. 1988) ("Historically, the client and the lawyer make their fee arrangement, and the lawyer looks to the client for payment of the legal fee.  . . .  In enacting the EAJA, Congress recognized and maintained the attorney-client relationship as it has existed throughout our history.").  The private contractual agreement between Mr. Hall and his counsel is a collateral matter, which the district court was not required to address when considering the EAJA fees motion.

We therefore AFFIRM the district court's order of July 6, 2007.

Entered for the Court


Michael R. Murphy
Circuit Judge

-3-