**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER HUSBAND,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 07-7058
(D.C. No. 05-CV-285-FHS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

Christopher Husband appeals the district court's order directing the

payment of attorney's fees awarded under the Equal Access to Justice Act

(EAJA), 28 U.S.C. § 2412(d), to him rather than to his attorney. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The EAJA provides, in pertinent part,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The question presented in this appeal is whether the district court erred in refusing to order payment of the EAJA fee award directly to Mr. Husband's attorney.

On the Commissioner's motion, we stayed this appeal pending our decision in *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007), *pet. for cert. filed*, __ U.S.L.W. __ (U.S. May 22, 2008) (No. 07-1468).  In *Manning* we held that the EAJA "statutory language clearly provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees." *Id.* at 1249-50.  We concluded that the legislative history and uncodified portions of the EAJA also supported our interpretation. *Id.* at 1251-52.  And we rejected further arguments to the contrary, based upon an alleged "chilling effect" of our decision on claimants' attempts to obtain representation and the claimed inconsistency of not awarding EAJA fees to pro se claimants. *Id.* at 1254, 1253.  We acknowledged ordering payment of EAJA fees directly to counsel in *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), but

we noted that case did not address whether the claimant or the claimant's attorney was entitled to recover the fees. *Manning*, 510 F.3d at 1253. Finally, we recognized the Commissioner's previous practice of paying EAJA fees directly to claimants' attorneys, but emphasized that "we are bound by the statutory language, legislative history, and case law." *Id.* at 1255.

We addressed each of Mr. Husband's appeal arguments in *Manning* and our decision in that case is controlling. We therefore conclude that the district court correctly ordered payment of the EAJA fees award to Mr. Husband, rather than to his attorney.

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge