**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SHERMAN ALEXANDER LYNCH,

    Plaintiff - Appellant,

v.

SEAN D. REYES,

    Defendant - Appellee.

No. 23-4089
(D.C. No. 4:20-CV-00093-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Sherman Alexander Lynch, a Utah inmate proceeding pro se, appeals the

district court's denial of his Federal Rule of Civil Procedure 60(b)(1) motion for

relief from judgment.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

In August 2020, Mr. Lynch filed an initial pleading entitled "Petition for

Redress Against Utah Attorney General Sean D. Reyes . . . Under the Fourteenth

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Amendment." R. vol. I at 5. In it, Mr. Lynch alleged that Mr. Reyes violated his constitutional rights by lying throughout Mr. Lynch's criminal and habeas proceedings.

In November 2021, the district court construed Mr. Lynch's "Petition for Redress" as a civil-rights complaint under 42 U.S.C. § 1983. The court dismissed the complaint with prejudice, reasoning that Mr. Lynch's civil-rights claims were barred by Supreme Court precedent. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a § 1983 action that would invalidate a plaintiff's underlying conviction is barred unless the conviction has been reversed or invalidated). Alternatively, the district court concluded that Mr. Lynch's allegations did not adequately link Mr. Reyes to any alleged civil-rights violation and that Mr. Reyes' alleged acts during court proceedings were covered by prosecutorial immunity.

The court also determined that Mr. Lynch improperly requested habeas relief and instructed that any habeas claims must be made in a separate habeas petition. Finally, the court noted that "neither liberal interpretation of [Mr. Lynch]'s claims nor opportunity to amend would lead to a different result." R. vol. III at 317. Mr. Lynch did not timely appeal.

In October 2022, Mr. Lynch moved for relief from judgment under Rule 60(b)(1) and requested leave to amend his complaint. He argued the district court made several mistakes in its November 2021 order dismissing his complaint. The district court denied the motion and Mr. Lynch timely appealed.

2

## DISCUSSION

A court may "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A 'mistake' may occur if the district court made a substantive mistake of law in its order." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007).

We review the denial of a Rule 60(b) motion for "an abuse of discretion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted). Therefore, "[w]e will not reverse the district court's decision on a Rule 60(b) motion unless that decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted). Mr. Lynch represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Lynch asserted in his motion that the district court made several mistakes in its November 2021 order dismissing his complaint. In support, he argued the court:  (1) improperly construed his Fourteenth Amendment petition as a § 1983 action, because he did not file his claims under § 1983; (2) misinterpreted his petition as an attack on his underlying conviction, as he never requested to have his conviction invalidated; (3) mistook his petition for a second habeas petition when he was not requesting habeas relief; (4) incorrectly determined that he did not adequately link Mr. Reyes to any alleged civil-rights violation, because Mr. Reyes

was the presiding attorney in his habeas proceedings; and (5) mistakenly afforded Mr. Reyes prosecutorial immunity because Mr. Reyes was not involved in his criminal proceedings.

The district court determined that Mr. Lynch was not entitled to relief under Rule 60(b)(1) and denied the motion. The court first explained that it construed Mr. Lynch's claims under § 1983 because they "were most closely aligned" with a "federal civil-rights action" under that provision. R. vol. III at 344. Next, the court said that it notified Mr. Lynch "that he could not seek habeas relief in a civil-rights case" because his petition noted that he sought "to protect his statutory right to a writ of habeas corpus." *Id.* at 345 (internal quotation marks omitted).

The court further explained that, under § 1983, because Mr. Reyes was in a supervisory role, and did not personally participate, he could not be affirmatively linked to the alleged constitutional violations. The court also rejected Mr. Lynch's prosecutorial immunity argument, noting that his "claims alleged [Mr. Reyes'] unconstitutional behavior in pursuing and preserving [his] criminal conviction" and concluding that "[t]hese acts inherently involved advocacy in legal proceedings." *Id.* Finally, the court denied Mr. Lynch's motion to amend his initial pleading because his supporting argument merely repeated arguments that the court had previously rejected.

Mr. Lynch asserts the district court abused its discretion when it denied his Rule 60(b) motion. We have explained that "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn*, 813 F.3d at 1306

4

(internal quotation marks omitted).  Our precedent also establishes that parties seeking relief under Rule 60(b) have a higher hurdle to overcome "because a Rule 60(b) motion is not a substitute for an appeal."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  On appeal, Mr. Lynch largely repeats the arguments advanced in his motion.  He has not demonstrated that the district court abused its discretion in denying his Rule 60(b) motion.  We therefore affirm for substantially the same reasons stated by the district court.

## CONCLUSION

We affirm the district court's judgment.  We deny Mr. Lynch's motion to appoint an attorney.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

5