1997 OK 151

**STATE of Oklahoma, ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Russell Glenn BILLS, Respondent.**

**SCBD No. 4244.**

Supreme Court of Oklahoma.

Dec. 16, 1997.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for complainant.

Ralph D. Huchteman, Norman, for respondent.

SIMMS, Justice.

¶ 1 Formal complaint was lodged against attorney, Russell Glenn Bills, by the Oklahoma Bar Association for alleged violations of the Oklahoma Rules of Professional Con-

duct, 5 O.S.1991 Ch. 1, App. 3–A, and requesting discipline provided for by the Rules Governing Disciplinary Proceedings, 5 O.S. 1991 Ch. 1, App. 1–A.

¶ 2  In the two count Complaint filed against Respondent, the Oklahoma Bar Association alleged in Count I that Respondent failed to deposit a retainer in an appropriate trust account and when his client sought to terminate his legal services he was unable to provide an accounting and refund of the unused portion of the retainer.  Count II centered around Bills initial response to the bar association and whether it was a full and fair disclosure as required by Rule 5.2 of the Rules Governing Disciplinary Proceedings, which prohibits misrepresentation of facts concerning a matter under investigation by the Bar Association.

¶ 3  The circumstances leading to the instant disciplinary action are undisputed.  An Agreed Stipulations of Fact, Conclusions of Law and Agreed Recommendation for Discipline was filed of record and is attached to the transcript of proceedings as "Panel's Exhibit 1".  In addition to the agreed stipulations, the Tribunal heard the testimony of Respondent, Russell Bills.

¶ 4  According to the stipulations and testimony, parents paid Bills seventy-five hundred dollars ($7,500) to represent their daughter in a divorce matter in January 1995.  The money was to serve as a retainer, allowing Bills to charge against the funds as the fee was earned at a set hourly rate. Both parents and daughter became increasingly dissatisfied with Bills' handling of the case throughout 1995, resulting in his discharge as counsel in December of that year. It was upon his discharge that the former client and her parents requested return of the unused portion of the retainer and an accounting of the earned fee.  Bills admitted in his testimony that he did not keep a timely accounting of the hours spent on the file and was eventually forced to recreate his labor expenditure using only his memory and that portion of the file which was returned to him for the sole purpose of creating the accounting.

¶ 5  With regard to Count II, the Bar Association's general counsel stated on the record that the Bar did not believe Bills intentionally misrepresented facts concerning the deposit of the $7,500.00 dollars, but that his initial response was misleading in fact. Rule 5.2 states: *"Deliberate misrepresentation in such response shall itself be grounds for discipline."*  Because Complainant did not urge at hearing that Respondent's initial response was intentionally misleading, the Professional Responsibility Panel found the *"evidence received ... failed to support a violation of mandatory provisions constituting grounds for professional discipline as to Count II."*  Given the Rule 5.2 requirement of "deliberate misrepresentation" and the lack of evidence showing an intent to mislead the Bar, this Court is in agreement with the findings of the Tribunal with regard to Count II.

¶ 6  The Tribunal, considering both stipulations and testimony, found the acts complained of in Count I occurred and required discipline be imposed.  The parties agreed recommendation for discipline was an order for the public censure of Respondent.  The trial panel accepted that recommendation, noting Respondent's "admirable efforts" to correct the deficiencies in his legal practice which led to the instant matter.

¶ 7  In addition, this Court would note with approval Respondent's effort to repay the unearned sum of the $7,500.00 dollars to his former client, $3,000.00 dollars of which had been repaid at he time of the hearing. The record shows Respondent agreed to repay the entire unearned fee, but the record does not clarify whether any balance remains outstanding after payment of the $3,000.00. It is the order of this Court that such agreement be met and the entire amount of the unearned fee be repaid.  In the event that agreement is fulfilled with the payment of $3,000.00, then the requirements of this Court are met in this regard;  should an additional sum be outstanding Respondent is ordered to pay it.

¶ 8  This Court orders that Respondent, Russell Glenn Bills, be publicly reprimanded for violations of Rule 1.4(b) of the Rules Governing Disciplinary Proceedings, regarding his failure to deposit his client's retainer

in an appropriately designated client trust account and for his failure to provide an accounting and refund to his client when the reasonable request was made at the termination of his services. In addition, Respondent is reprimanded for his failure to hold the $7,500.00 retainer separate from his own property in violation of Rule 1.15(a) of the Rules of Professional Conduct.

¶ 9 Although not cited by the bar association or the trial panel, this Court notes Respondent's violation of Rule 1.4(a) of the Rules Governing Disciplinary Proceedings. *State ex rel. Oklahoma Bar Ass'n v. Holden,* 1996 OK 88, 925 P.2d 32, 36 (Supreme Court's review is de novo, the tribunal's findings and conclusions of law, as well as disciplinary recommendations are not binding on the Supreme Court). Rule 1.4(a) requires all members of the bar who are entrusted with client funds to maintain a trust account to facilitate the safekeeping of client property and avoid misuse of money which does not in fact belong to the attorney. Respondent was very candid with the tribunal about the fact he had no trust account at the time he received the $7,500.00 dollar retainer. In fact, Respondent admitted he had no operating trust account at the time of his August 1997 hearing. Therefore, the public reprimand will issue for this violation as well.

¶ 10 Having considered the record of Bills' violations of the Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings, combined with the mitigating circumstances of Bills' effort to repay the unearned fee and his measures to correct deficiencies in his practice, this Court accepts the recommendation of the trial panel and the parties agreement and publicly reprimands Russell Glenn Bills for violations of Rule 1.4(a) and 1.4(b) of the Rules Governing Disciplinary Proceedings and Rule 1.15(a) of the Rules of Professional Conduct.

¶ 11 Pursuant to Rule 6.16 of the Rules Governing Disciplinary Proceedings, Respondent–Bills is ordered to pay the cost of investigations and disciplinary proceedings in the amount of $516.38. This amount is to be paid within ninety (90) days after the order of this Court becomes effective.

¶ 12 RESPONDENT PUBLICLY REPRIMANDED.

All the Justices concur.