**UNITED STATES COURT OF APPEALS**

**July 31, 2008**

**FOR THE TENTH CIRCUIT**

———————————————

MELINDA R. SANDERS,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 07-7102
(D.C. No. 6:05-CV-00005-RAW-SPS)
(E.D. Okla.)

————————————————————

GARY SMITH,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 07-7104
(D.C. No. 6:06-CV-00112-RAW-KEW)
(E.D. Okla.)

———————————————

**ORDER AND JUDGMENT**[*]

———————————

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **McCONNELL**, **ANDERSON**, and **BRORBY**, Circuit Judges.

Plaintiffs Melinda R. Sanders and Gary K. Smith appeal from district court orders denying their motions for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, incurred to litigate whether the payment of an earlier award of EAJA fees should be made to each plaintiff or to his or her attorneys. These cases involve very similar facts and legal issues and we have elected to resolve them together in a single order and judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in both cases.

*Background*

Plaintiffs Sanders and Smith brought separate actions in the district court seeking to overturn adverse agency decisions on their respective social security claims. They were represented by the same attorneys. Both plaintiffs prevailed on the merits and their cases were remanded to the agency for further proceedings. Then each plaintiff successfully sought EAJA attorney fees, including fees for preparing each EAJA fee motion. Ms. Sanders was awarded $3,857.50. Mr. Smith was awarded $5,605.20. The Commissioner did not object to the amount of the EAJA attorney fees awarded in either case, but took the position that the money should be paid to the respective plaintiffs, not to their attorneys. In Mr. Smith's case, the Commissioner stated his objection to the

payee in his response to the request for EAJA fees. In Ms. Sanders' case, after the district court awarded the initial EAJA fee, the Commissioner filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment to make the payment to Ms. Sanders, not her attorneys.[1]

The district court ruled that the checks should be made payable to the attorneys.[2] Plaintiffs then requested the district court to award them attorney fees under the EAJA to compensate their attorneys for litigating the question of how payment of the initial fee should be made. The district court denied the request for "fees-for-fees" in each case.[3] Plaintiffs appeal.

*Analysis*

Under the EAJA, a private party may be entitled to an award of "'fees and other expenses'" if he or she "prevail[s] in litigation against the United States [and] if, among other conditions, the position of the United States was not

---

[1] Our standard of review for an order denying a Rule 59(e) motion is the same as that for an order denying EAJA fees: abuse of discretion. *See Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (holding no mistake in EAJA order, so no abuse of discretion in denying post-judgment relief), *petition for cert. filed*, 76 U.S.L.W. 3637 (U.S. May 22, 2008) (No. 07-1468); *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005) (reviewing for abuse of discretion district court's ruling on Rule 59(e) motion).

[2] This practice was subsequently rejected in *Manning*, 510 F.3d at 1249, where the plaintiff was represented by the same counsel as in this case.

[3] In Ms. Sanders' case, the district court entered an alternative order for a reduced amount. We do not address this reduction because we affirm the order denying EAJA fees.

'substantially justified.'" *Comm'r v. Jean*, 496 U.S. 154, 156 & n.1 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). EAJA fees may be awarded for litigation over EAJA fees and the initial "finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' . . . operates as a one-time threshold for fee eligibility." *Id.* at 157, 160. The district court has discretion to determine the amount of such a fee, or whether to award one at all. *See Kopunec v. Nelson*, 801 F.2d 1226, 1229 (10th Cir. 1986); *cf. Pierce v. Underwood*, 487 U.S. 552, 562 (1988) (holding district court's determination under EAJA whether government's position was substantially justified reviewed for abuse of discretion). "[T]he district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley [v. Eckerhart*, 461 U.S. 424, 433-37 (1983)]." *Jean*, 496 U.S. at 161. "The result is what matters." *Hensley*, 461 U.S. at 435.

Plaintiffs first argue that the district court abused its discretion in denying their requests for EAJA fees by concluding in error that neither of them received any monetary benefit from the fee litigation. They maintain that an EAJA fee inures to a plaintiff's benefit because it reduces the amount he or she must pay from his or her social security award. "Attorneys handling Social Security proceedings in court may seek fees for their work under both the EAJA and [42 U.S.C. § 406(b)]." *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006). Fees under § 406(b) are paid out of the claimant's social security benefits, while

EAJA fees are paid out of agency funds. *Id.* If a fee award is made under both the EAJA and § 406(b), the claimant's attorney must refund the smaller of the fees to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Therefore, an award of EAJA fees "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Id.*

The Commissioner does not dispute that the first award of EAJA fees for services rendered in obtaining a remand to the agency on behalf of each plaintiff effectively increased the benefits each of them would receive if their attorneys also were awarded a fee under § 406(b). Plaintiffs argue that an award of additional EAJA fees will similarly increase their benefits when offset against any eventual § 406(b) attorney-fee award. Even if this is true, the district court correctly recognized that the result obtained does not warrant additional EAJA fees. We do not find an abuse of discretion in denying EAJA fees simply because awarding them may increase the pot from which a plaintiff can offset § 406(b) attorney fees. Rather, the district court must evaluate the fee request under *Hensley*, *see Jean*, 496 U.S. at 161, and the amount of the attorney fee should be "reasonable in relation to the results obtained," *Hensley*, 461 U.S. at 440.

We agree with the district court that the litigation over how the check should be made out for the first EAJA award did not increase the initial EAJA award or benefit the plaintiffs. The second litigation resulted only in having the first award paid directly to the attorneys, which benefitted counsel, not plaintiffs.

"The EAJA . . . was not enacted for the benefit of counsel to ensure that counsel gets paid." *Manning*, 510 F.3d at 1251. The result obtained did not warrant an award of EAJA fees and the district court did not abuse its discretion in denying such an award.

Plaintiffs next assert that they benefitted from the fees litigation because by having the EAJA amounts paid directly to counsel, rather than to them directly, the government was prevented from offsetting any debt either plaintiff may owe to another federal agency out of the EAJA fees. "Under the Debt Collection Improvement Act, the Department of the Treasury's Financial Management Service has the authority to collect nontax debts owed to the United States government by offsetting payments made by other federal agencies." *Id.* at 1255 (citing 31 U.S.C. § 3176; 31 C.F.R. § 285.5(a)(1)). This argument is speculative because neither plaintiff suggests that he or she is subject to an offset from his or her social security benefits. More to the point, given our holding in *Manning* that EAJA fees are subject to the offset, *id.* at 1256, claimants are not entitled to this asserted benefit of the order directing payment to the attorneys. We also reject plaintiffs' argument that they could use a second EAJA award to pay their debts to the government, thus receiving a benefit from such a windfall, because that is not the purpose of EAJA fees.

Plaintiffs further contend that if attorneys are not allowed to collect EAJA fees for litigating EAJA fee orders, the government will have an incentive to

-6-

contest EAJA attorney fees. The government did not contest the entitlement to, or the amount of, the initial EAJA attorney fee awarded to each plaintiff. Furthermore, each request included attorney fees for preparing the EAJA motion. Thus, it is inaccurate to characterize the second EAJA litigation as a challenge to either plaintiff's request for EAJA fees. Moreover, the district court did not hold that a plaintiff can *never* receive EAJA fees for litigating EAJA fees.

Finally, plaintiffs posit that EAJA fees should be awarded on fee litigation in order to advance the purpose of the EAJA. Otherwise, they suggest, an entire class of persons–the disabled–will be denied access to the courts. "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Jean*, 496 U.S. at 163. We are not persuaded that these plaintiffs had a financial incentive to litigate who should receive the check for the initial EAJA fees because we agree with the district court that the purpose of the "fees-for-fees" litigation was to benefit the attorneys.

*Conclusion*

The district court did not abuse its discretion in denying EAJA attorney fees for litigation over whether the check for the initial award of EAJA attorney fees should be paid to plaintiffs or to their attorneys. Accordingly, the judgment of the district court in each case is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge