**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EVA S. GALLAWAY,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

        Defendant-Appellee.

No. 08-5080
(D.C. No. 4:06-CV-00412-SAJ)
(N.D. Okla.)

---

CAROL J. WHITEMAN,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

        Defendant-Appellee.

No. 08-5082
(D.C. No. 4:-06-CV-00237-SAJ)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **EBEL** and **GORSUCH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In the district court, social-security claimants Eva S. Gallaway and Carol J. Whiteman each moved for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. In their respective reply briefs, they argued that the award should be paid directly to their attorney, Timothy White. The district court agreed and ordered the awards paid to White. Afterward, Gallaway and Whiteman, still represented by White, requested EAJA fees for litigating the payee issue. The district court denied their requests.

Gallaway and Whiteman now appeal. Because their appeals present the same legal issue and the same relevant facts, we resolve both appeals in this order and judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in both appeals.

## BACKGROUND

In 2006, Gallaway and Whiteman each filed suit in federal district court, challenging decisions by the Commissioner of the Social Security Administration that denied their applications for benefits. The district court reversed both decisions and remanded the cases to the agency for further proceedings.

In October and November 2007, Gallaway and Whiteman each filed in the district court motions for EAJA fees (the original EAJA proceedings). In response to the motions, the Commissioner did not object to an award of EAJA

-2-

fees or to the amounts requested; rather, he argued that the awards should be paid to the parties, rather than to their attorney. Gallaway and Whiteman each filed a reply brief, contending that the EAJA required that any award be paid to attorney White. Agreeing with Gallaway and Whiteman, the district court granted the motions and ordered the awards paid to White. Several weeks later, this court held in an unrelated case that an EAJA fee award must be paid to the prevailing party, rather than the attorney. *See Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007), *petition for cert. filed*, 76 U.S.L.W. 3637 (May 22, 2008).

In February 2008, Gallaway and Whiteman each moved for an award of EAJA fees for preparing the reply briefs in the original EAJA proceedings and for preparing the second round of EAJA motions. The Commissioner opposed the motions, arguing that they were untimely and that the time spent preparing the reply briefs was not compensable because those briefs sought to vindicate only White's interests. The district court characterized the motions as supplementing the original EAJA proceedings and denied them as contrary to *Manning*.

### DISCUSSION

Fees under the EAJA are available if (1) a fee application is submitted to the court within thirty days of the final judgment;[1] (2) the claimant was the "prevailing party"; (3) the government's position was not "substantially

---

[1] The EAJA's thirty-day filing rule is not jurisdictional. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). On appeal, the Commissioner does not argue that Gallaway's and Whiteman's fee motions were untimely.

justified"; and (4) no "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A) & (B); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 158-62 (1990). We review a district court's denial of attorney fees under the EAJA for abuse of discretion. *See Pierce v. Underwood*, 487 U.S. 552, 559 (1988). "A district court abuses its discretion when it commits an error of law or makes clearly erroneous factual findings." *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1252 (10th Cir. 2006).

Gallaway and Whiteman argue that the district court abused its discretion because it "appl[ied] *Manning* retroactively." Aplt. Opening Br. at 15. It is well-established, however, that "[j]udicial decisions operate retroactively because we generally regard them as an expression of pre-existing law." *Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1198 n.13 (10th Cir. 2006) (quotation omitted).

But with that said, the district court's application of *Manning* is a bit confusing. The standard that the district court's discretion is to be measured against in a fees for fees case is whether the amount of the fee is reasonable. *See Jean*, 496 U.S. at 160-61. That is, once the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant. *See id.* at 161 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). *Manning* simply determines that the proper payee of an

-4-

EAJA attorney fee award is, somewhat counterintuitively (but in line with the statute's clear language) the claimant. *See Manning*, 510 F.3d at 1255. Since *Manning* now makes clear that the parties' reply briefs urging that the fees be directly paid to attorney White are legally incorrect, the district court must have been citing *Manning* for the proposition that time taken to advocate this position was not therefore a reasonable part of an EAJA fee. In all events, we can affirm for any reason justified by the record, *see Lambertsen v. Utah Dep't of Corr.*, 79 F.3d 1024, 1029 (10th Cir. 1996), and this conclusion meets that requirement.

This comports with our decision in *Sanders v. Astrue*, where this court held that a second EAJA award for litigation efforts that "resulted only in having the first [EAJA] award paid directly to the attorneys" would not be reasonable because those efforts did not benefit the client. *Sanders*, Nos. 07-7102 & 07-7104, 2008 WL 2926439, at *2 (July 31, 2008) (unpublished). In reaching this holding, this court noted that reasonableness is largely dependent on the results obtained for the client, *see id.* (citing *Jean*, 496 U.S. at 161, and *Hensley*, 461 U.S. at 440), and that "[t]he EAJA was not enacted for the benefit counsel," *id.* (quotation omitted).

We find *Sanders* factually indistinguishable from the instant appeals and we agree with its reasoning. Because Gallaway's and Whiteman's reply briefs were directed solely to the interests of their counsel in obtaining direct payment of the EAJA awards, the time White spent preparing those briefs and then moving

for a fees for fees award was not compensable under the EAJA.[2]  Accordingly, the district court did not abuse its discretion in denying Gallaway's and Whiteman's fees for fees motions.

## CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Robert H. Henry
Chief Judge

---

[2]     Additionally, we note that EAJA fees are paid from agency funds to penalize the Commissioner for taking an unjustified legal position in the agency proceedings or in the civil action.  *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994).  It is difficult to dispute that the EAJA's punitive purpose continues to function when fees are awarded for having litigated fee issues, like time spent disputing the Commissioner's unjustified legal position.  Specifically, there is still a correlation between the unjustified legal position and a second award of fees.  But in the instant case, there is no correlation between anything the Commissioner did in the agency proceedings or in the civil action and his position in the fee litigation that a claimants' attorney is not the proper payee for an EAJA award.  In this case, the EAJA's rationale for punishment fails.